USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4/21/2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                      :

MALIBU MEDIA, LLC,             :

                  Plaintiff,      :       Civil Action No. 1:15-cv-01847-ER

                        :

          vs.                :

                        :

JOHN DOE subscriber assigned IP address   :
74.101.133.85,

                        :

                  Defendant.    :
---------------------------------------------------------------X

## PRESERVATION ORDER

       The Court finds that there is a legitimate concern for the continuing existence and

maintenance of the integrity of evidence absent a preservation order, that Plaintiff will be

prejudiced if such evidence is destroyed or altered, that this concern outweighs any harm to

Defendant that may result from a preservation order, and that the Defendant will not be unduly

burdened by the instant order.

       It is hereby ORDERED that Defendant shall preserve, and shall immediately take efforts

to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even

if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the

normal course of business, including through the termination of user accounts) of Electronically

Stored Information ("ESI") reasonably related to this litigation in Defendant's possession,

custody, or control. All ESI that is in Defendant's possession, custody, or control, is subject to

this Order even if it is maintained by third parties, including third parties cloud storage services.

Specifically, Defendant is ORDERED to preserve:

a. Defendant's laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives"). Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives or not engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) re-imaging or replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer Hard Drives.

b. All contents of any third party cloud storage service such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

c. Defendant's modem and router used in his home during the period of recorded infringement.

d. All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under the ISP's Copyright Alert System ("CAS").

e. All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

Defendant is also ORDERED to provide Plaintiff of a complete inventory of all Hard Drives and third party cloud storage services in Defendant's possession, custody, or control.

IT IS SO ORDERED.

Dated: _____April 21_____, 2015.

_____
United States District Court Judge

3